JACK GOODEN, ALIAS EDWARD E. ATKINSON, V. THE STATE.

No. 11433.  Delivered February 22, 1928.

Rehearing denied, April 4, 1928.

1.—Attempting to Pass a Forged Instrument—Bill of Exception—Incomplete—Presents No Error.

Where appellant complains by bill of exception, of the admission of the testimony of witness Hart, who was shown to be an assistant cashier of a bank with many years' experience, as to an alteration of the check in issue, and said bill does not even set out the ground of the objection, such bill is manifestly incomplete and is without merit.

2.—Same—Continued.

Where a bill of exception complains of the admission of a conversation had with appellant at the time of his arrest, and said bill sets out no conversation, and no act of appellant, testimony of which might be objectionable on the grounds presented, no error is shown.

ON REHEARING.

3.—Same—Affidavits—Presented on Appeal—Not Considered.

We have many times stated that this is a reviewing court, only, and will only consider such questions as were before the trial court. Affidavits attached to appellant's motion for rehearing, which might have been pertinent on motion for new trial, but being filed originally in this court cannot be considered.

Appeal from the District Court of Bexar County. Tried below before the Hon. C. J. Matthews, Special Judge.

Appeal from a conviction for attempting to pass a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*West & Hadner* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for attempt to pass a forged instrument; punishment, two years in the penitentiary.

Considering both the original and the supplemental transcripts, there appear but two bills of exception. The first sets up appellant's objection to the testimony of witness Hart who was shown to be an assistant cashier of a bank with many years experience in that position, and who testified that his opinion of an instrument in writing shown him was that in same there had originally been written the figure "3" but that same had been changed to the figure "2." The bill of exceptions does not even set out the ground of appellant's objection. The bill is manifestly without merit. The other bill sets out the fact that witness Harris was with the prosecuting witness on a street in San Antonio and they were looking for a man who had tried to pass to the prosecuting witness a seven thousand dollar check. Appellant was seen and recognized and approached by said parties. Prosecuting witness had a conversation with appellant, and the officer asked appellant for the check which he had in his possession, and appellant turned same over to the officer. It is stated in the bill that this testimony was objected to on the ground that defendant was under arrest. We perceive nothing in the testimony in any way violative of the right of immunity arising from the arrest of the party. The bill sets out no conversation and no act of appellant, testimony of which might be objectionable under the rule mentioned.

. We have carefully examined the facts and do not deem it necessary to discuss same further than to say that they support the conclusion that appellant approached the prosecuting witness with a seven thousand dollar check which he claimed to be his property, and which he attempted to pass to the witness, and which check was shown to be forged.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant says in his motion that the indictment averred the date of the offense to have been March 21, 1927, whereas the proof showed it to have been committed on March 16, 1927. He states that he could have proved that he was in Corpus Christi on the 16th day of March and not in San Antonio, and hence could not have committed the offense

in the latter city on the date claimed. He attaches to his motion affidavits from parties in Corpus Christi supporting this averment, and asks this court to consider them. We have many times stated that this is a reviewing court only and can only consider such questions as were before the trial court. The affidavits referred to have no place in the record. They would have been pertinent on motion for new trial based on newly discovered evidence if filed in the trial court, provided accused could have brought himself within the principles applying to newly discovered evidence, but this court cannot consider them when they are obtained and filed in this court originally long after the trial was had, and after appeal was perfected.

The motion is overruled.

<div align="right">

*Overruled.*